UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK E. RYON, AS OWNER OF
THE 2018 42' MYSTIC
POWERBOAT, HIN
DZNM4231I718, ITS ENGINES,
TACKLE, APPURTENANCES,
EQUIPMENT, ETC.,

    Petitioner,

Case No.:  2:24-cv-716-JLB-KCD

_____/

## **ORDER**

Before the Court is Petitioner's Motion to Approve Ad Interim Stipulation and Enter Monition and Inunction (Doc. 3) and Ad Interim Stipulation of Costs and Value (Doc. 2).

Petitioner owns a 2018 42' Mystic Powerboat bearing HIN DZNM4231I718 that was involved in a maritime accident on May 14, 2022, in the navigable waters near Cape Coral, Florida. (Doc. 1.) According to the pleadings, Betty DeBoe was injured during the trip. (*Id.*) Petitioner now asks that the Court (1) approve the ad interim stipulation of $425,000; (2) issue a monition and notice to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against Petitioner arising from any claims subject to limitation. (Doc. 3.)

The motion can be denied in short order because the ad interim stipulation (Doc. 2) is deficient. Petitioner has not complied with Rule F of the Supplemental Rules for Admiralty and Maritime Claims. Under subsection (1) of Rule F, a vessel owner must either deposit with the court a sum or security equal to the value of the owner's interest in the vessel, or transfer interest in the vessel to a trustee. Petitioner states that the value of the Vessel is $425,000. But rather than deposit that amount or offer any security, Petitioner says he will do so in the form of a surety bond if a demand is made by any claimant or "after the entry of an Order confirming the report of a commissioner to be appointed to appraise the amount of value of the Petitioner's interest in the Vessel." (Doc. 2 at 2.) But none of these proposed actions follow the procedures for limitation actions set forth in Supplemental Rule F, and Petitioner makes no argument as to why the Court should excuse compliance with Rule F here.

"The posting of proper and adequate security is a condition precedent to obtaining the benefits of the [Act]." *N.Y. Marine Mgrs., Inc. v. Helena Marine Serv.*, 758 F. 2d 313, 317 (8th Cir. 1985). The stipulation here is deficient because it offers nothing to "protect the claimants in the manner contemplated by the Act and the Supplemental Rules." *In re Mongelli*, No. 8:23-CV-1618-TPB-CPT, 2023 WL 5104895, at *3 (M.D. Fla. Aug. 9, 2023).

Only after the vessel owner complies with Rule F does the Act authorize a court to stay all proceedings against the owner and issue an injunction, as sought here. *See id.* at 2-3. Accordingly, Petitioner's Motion to Approve Ad Interim Stipulation and Enter Monition and Inunction (Doc. 3) is **DENIED WITHOUT PREJUDICE**. Petitioner must refile his motion and supporting documents to cure the deficiencies outlined above by **September 12, 2024**.

**ORDERED** in Fort Myers, Florida on August 12, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record